UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICKEL McNEIL,

    Plaintiff,

    v.

INDIANA PAROLE DEPT., et al.,

    Defendants.

CAUSE NO.: 3:19-CV-482-JD-MGG

OPINION AND ORDER

Mickel McNeil, a prisoner without a lawyer, filed a complaint. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, McNeil alleges that, on September 8, 2018, he asked Officer Griffin, a parole officer for the Gary District Parole Office, for a transfer. He explained that he was in danger of retaliation because he had testified for the prosecution in a criminal case and had already been the target of several attacks. Officer Griffin told

McNeil that a transfer could be processed in four months but refused to initiate the transfer. McNeil flew to Texas but returned to Indiana at the request of Officer Griffin. On November 1, 2018, someone stabbed him in the stomach, chest, head, face, and hand in Lafayette, Indiana, outside of his assigned parole district. He was taken from the hospital and arrested for violating parole.

On December 17, 2018, the parole board revoked his parole, and he returned to incarceration at the Miami Correctional Facility. There, he told correctional staff that he remained in danger at the prison, and he has since been attacked twice by other inmates. Though he has been moved around the prison, his requests for protective custody have not been granted. For his claims, he seeks money damages and injunctive relief.

McNeil asserts an Eighth Amendment claim against the defendants for failing to protect him against retaliatory attacks. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id.* at 833. "[I]n order to state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety. *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). Courts have found that the conduct of parole officers implicates the Eighth Amendment in some situations. *See e.g., Mitchell v. Kallas*, 895 F.3d 492, 502 (7th Cir. 2018) (parole officers blocked parolee from obtaining medical

treatment); *Hankins v. Lowe*, 786 F.3d 603, 605 (7th Cir. 2015) (imposing restrictions beyond parole term). In *Mitchell*, the Seventh Circuit held that, while parole officers may not be required to provide parolees with medical treatment, they have some obligation not to impede parolees who have made such arrangements for themselves. *Id.* at 502. The court finds that *Mitchell* is analogous to McNeil's allegations against Officer Griffin, and McNeil may proceed against him.

McNeil also names the Indiana Department of Corrections, the Indiana Parole Department, and Warden Hyatt. The Eleventh Amendment bars "a suit by a citizen against the citizen's own State in Federal Court." *Johns v. Stewart*, 57 F.3d 1544, 1552 (7th Cir. 1995). This jurisdictional bar extends to state agencies such as the Indiana Department of Correction and the Indiana Parole Department, and he cannot proceed against them. *See Kashani v. Purdue University*, 813 F.2d 843 (7th Cir. 1987). Though McNeil lists Warden Hyatt as a defendant, he does not mention him in the narrative portion of the complaint. "[L]iability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Because McNeil does not describe how Warden Hyatt was personally involved with his claims, he cannot proceed against Warden Hyatt in his individual capacity on a claim for money damages.

McNeil also seeks injunctive relief, including his release from incarceration or a transfer to a different facility. Given the urgent and ongoing nature of the alleged threat to McNeil's physical safety, the court construes the complaint as including a motion for a preliminary injunction. Because the Prison Litigation Reform Act limits the court's

3

authority to grant injunctive relief in this case, the injunctive relief, if granted, will be limited to requiring correctional officials to provide protective measures for McNeil as required by the Eighth Amendment. *See Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012). Further, William Hyatt, as the warden of the Miami Correctional Facility, has both the authority and the responsibility to ensure that McNeil receive the protective measures to which he is entitled under the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, William Hyatt in his official capacity is the proper party to respond to McNeil's claim for injunctive relief and motion for a preliminary injunction.

For these reasons, the court:

(1) GRANTS Mickel McNeil leave to proceed on an Eighth Amendment claim for money damages against Officer Griffin for acting with deliberate indifference to his safety by preventing him from protecting himself from violent attacks;

(2) GRANTS Mickel McNeil leave to proceed on an injunctive relief claim against Warden Hyatt in his official capacity to take protective measures as required by the Eighth Amendment;

(3) DISMISSES the Indiana Department of Correction and the Indiana Parole Department;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Officer Griffin and Warden Hyatt at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d);

4

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer Griffin and Warden Hyatt to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Mickel McNeil has been granted leave to proceed in this screening order; and

(7) ORDERS Warden Hyatt to respond to the motion for preliminary injunction by filing an affidavit addressing whether prison officials are acting with deliberate indifference to Mickel McNeil's safety needs in connection with attacks by other inmates by July 25, 2019.

SO ORDERED on July 1, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT