UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICKEL McNEIL,

    Plaintiff,

v.                                      CAUSE NO. 3:19-CV-482-DRL-MGG

WARDEN HYATT *et al.*,

    Defendants.

## OPINION & ORDER

    Mickel McNeil, a prisoner without a lawyer, proceeds on an Eighth Amendment claim for money damages against Officer Griffin for acting with deliberate indifference to his safety during violent attacks while on parole. He also proceeds on an injunctive relief claim against Warden Hyatt in his official capacity at the Miami Correctional Facility to take protective measures as required by the Eighth Amendment. The Warden filed the instant motion for summary judgment, arguing that Mr. McNeil failed to exhaust his administrative remedies on the injunctive relief claim. In response, Mr. McNeil argues that departmental policy does not allow inmates to submit grievances on parole decisions and that he faced the same risk of harm during his time on parole and during his time at the Miami Correctional Facility.

    In a declaration, Shawna Morson, grievance specialist at the Miami Correctional Facility, attested that a grievance process is available to inmates and is explained to them at orientation. ECF 31-1. The grievance policy is also available to inmates at the law library. *Id.* This policy sets forth a four-step grievance process. ECF 31-2. First, an inmate must attempt to informally resolve a complaint, typically by speaking to the staff member most directly associated with the complaint. *Id.* at 8-9. If the inmate is unable to resolve the complaint informally, he may file a formal grievance with the grievance specialist. *Id.* at 9-11. If an inmate is dissatisfied with the grievance specialist's

determination on a formal grievance, he may file an appeal with the warden or his designee. *Id.* at 11-12. Finally, if an inmate is dissatisfied with the warden's determination, he may file an appeal with the department grievance manager. *Id.* at 12-13.

According to the grievance records, Mr. McNeil never completed the grievance process with respect to any issue during his time at the Miami Correctional Facility, though he submitted a formal grievance regarding his inability to obtain documents for a disciplinary appeal. ECF 31-1. Further, in one of his filings, Mr. McNeil attached a formal grievance, dated November 28, 2018. ECF 29 at 4. In this grievance, he complained about his inability to obtain paperwork in connection with his parole proceedings.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Under 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies before filing lawsuits in federal court. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

"[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).

The Warden argues that he is entitled to summary judgment because Mr. McNeil never submitted a grievance regarding his need for protection from other inmates. Mr. McNeil doesn't dispute that he didn't. He merely maintains that departmental policy doesn't allow inmates to submit grievances on parole decisions and that he faced the same risk of harm during his time on parole and during his time at the Miami Correctional Facility. While the grievance policy excludes parole decisions, it expressly allows inmates to submit grievances on the actions of individual staff members and how they interpret and apply policies, procedures, and rules. ECF 31-2 at 3-4. In Mr. McNeil's case, the risks of harm inside and outside of prison may bear some relation, and his conflation of the risks may be understandable, but the grievance policy would have allowed him to submit a grievance that focused on his risk of harm inside the prison. In sum, the undisputed evidence indicates that a grievance process was available to Mr. McNeil but that he didn't complete the grievance process for his injunctive relief claim.

Additionally, in a recent letter, Mr. McNeil informs the court that he has transferred from the Miami Correctional Facility to the Westville Correctional Facility and that he has been placed in restrictive housing. ECF 43. Though Mr. McNeil contends that these housing conditions are unfair, his concerns are unrelated to his need for protection from other inmates, and he is no longer under the control of the Warden of the Miami Correctional Facility. Consequently, the court finds that the claim for injunctive relief is moot. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Because Mr. McNeil did not complete the grievance process with respect to the injunctive relief claim and because the claim is moot, the court grants the motion for summary judgment. This case will proceed on Mr. McNeil's claim against Officer Griffin.

3

In the same letter, Mr. McNeil requests a settlement conference. The parties are encouraged to negotiate settlement, but the court declines to hold a settlement conference absent some indication of interest from the remaining defendant.

As a final matter, the court observes Mr. McNeil's practice of seeking assistance from the court through letters instead of motions. According to the Federal Rules of Civil Procedure, "[a] request for a court order must be made by motion," which should include the case number and caption and identify the specific type of relief sought as well as the factual and legal bases underlying the request. Fed. R. Civ. P. 7(b). While the court will review and liberally construe any document Mr. McNeil files, he is advised that filing letters instead of motions greatly increases the chances that his requests for a court order will be misunderstood or overlooked.[1]

For these reasons, the court:

(1) GRANTS the motion for summary judgment (ECF 31); and

(2) DISMISSES the Warden of the Miami Correctional Facility.

SO ORDERED.

April 14, 2020

*s/ Damon R. Leichty*
Judge, United States District Court

---

[1] While parties must present requests for court orders in the form of a motion, they may write letters to the clerk's office for copies of filings or the docket sheet.